**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:26CV-P500-JHM**

**DEPORRES R. THOMPSON**                                        **PLAINTIFF**

**v.**

**KENTUCKY STATE REFORMATORY** *et al.*                        **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Deporres R. Thompson filed the instant *pro se* prisoner 42 U.S.C. § 1983 action. The complaint is before the Court for initial screening pursuant to 28 U.S.C. § 1915A.  For the reasons stated below, the Court will allow one of Plaintiff's claims to proceed and dismiss his other claims.

## I.  SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff is a convicted inmate at Kentucky State Reformatory (KSR).  He sues KSR; Wellpath; Tina Lyons, a medical provider at KSR; KSR Warden Anna Valentine; and Lt. Haywood and Ofc. Onakomaya, two KSR corrections personnel.  He sues each of the individually named Defendants in both their official and individual capacities.

Plaintiff states that he arrived at KSR on April 17, 2026, with a "3 page medical summary" from a medical provider at Frazier Rehab and his primary care doctor.  He states that the summary "was sent with the officer who transported me to KSR."  He also states that it was presented to the judge in his state court criminal case by his lawyer and "placed in my case file on (4/15/26) for my safety and wellbeing prior to arriving at KSR."  He asserts, "Instead it has been ignored and refused by provider Tina Lyons.  It has been emailed to the warden Anna Valentine by my lawyer . . . but no response."  Plaintiff maintains, "My condition (autonomic dysreflexia) is supposed to be prevented to keep blood pressure from being too high or low.  Instead Tina Lyons prescribed me

to medication I'm not supposed to take resulting in my blood pressure bottoming out then I fall out of chair and get accused of faking." He continues, "My medical needs being neglected is risking my life multiple times daily." He alleges that Valentine and Lyons have violated the Eighth and Fourteenth Amendments, as well as the "26A" amendment.

Plaintiff also alleges that Valentine failed to train officers "on how to properly restrain a wheelchair" which "resulted in my medical van accident (6/11/25) Officer Onakomaya and Lt. Haywood." He states that this also violated his Eighth and Fourteenth Amendments and the "26A" amendment. He asserts, "I stated the facts on 2 other pages I sent with this form." He also states, "See attachment." However, there were no such pages attached to his complaint.

As relief, Plaintiff requests compensatory and punitive damages and release from incarceration.

## II.  STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers,*

*USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'"  *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### A.  *KSR and official-capacity claims against state employees and officials*

Plaintiff sues KSR and sues Valentine, Haywood, and Onakomaya in their official capacities.  A state and its agencies may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it.  *Puerto Rico Aqueduct and Sewer Auth.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984).  The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and Congress did not intend to override the traditional sovereign immunity of the states in enacting § 1983. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

Moreover, "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Therefore, Plaintiff's official-capacity claims against Valentine, Haywood, and Onakomaya are

construed as brought against their employer, the Commonwealth of Kentucky.  State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169.  For these reasons, Plaintiff's claim against KSR for all relief and his official-capacity claims against Valentine, Haywood, and Onakomaya for monetary damages must be dismissed for failure to state a claim upon which relief may be granted and for seeking monetary relief from a defendant who is immune from such relief.

### B.  Wellpath and official-capacity claim against Lyons

Plaintiff's official-capacity claim against Lyons is construed as brought against her employer, Wellpath.  *See Kentucky v. Graham*, 473 U.S. at 166.  The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Wellpath, which presumably contracts with the Kentucky Department of Corrections to provide medical services to inmates.  *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.").  A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a policy or custom and the alleged constitutional deprivation.  *Monell*, 436 U.S. at 691.  Thus, liability of a contracted private entity also must be based on a policy or custom of the entity.  *Street*, 102 F.3d at 818; *see also Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

To state a claim against a contracted entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993)

4

(quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability" of the entity under § 1983.  *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not assert that any of the alleged conduct was motivated by a Wellpath policy or custom.  Accordingly, Plaintiff's claim against Wellpath and his official-capacity claim against Lyons must be dismissed for failure to state a claim upon which relief may be granted.

### C.  *Individual-capacity claims*

#### 1.  *Lyons*

Plaintiff alleges a claim for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  Construing the complaint broadly, as the Court is required to do at this stage, the Court will allow Plaintiff's claim for deliberate indifference to his serious medical needs to proceed against Lyons in her individual capacity.  In allowing the claim to proceed, the Court passes no judgment on its merit or ultimate outcome.

Plaintiff also alleges that Lyons violated his right to due process under the Fourteenth Amendment.  The Supreme Court has expressly held that where a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the broad rubric of substantive due process.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more

generalized notion of substantive due process, must be the guide for analyzing these claims."). Because Plaintiff's allegations against Lyons fall under the Eighth Amendment, his claim for violation of the Due Process Clause of the Fourteenth Amendment will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff additionally alleges a violation the "26A" amendment. The Court broadly construes the allegation as seeking to assert a claim under Section 26A of the Kentucky Constitution. Section 26A, also referred to as Marsy's Law, was ratified in 2020 and gives constitutional protections to crime victims. Section 26A has no application to Plaintiff's allegations. Moreover, § 1983 cannot be used as a statutory vehicle to vindicate state constitutional claims. *See Tallman v. Elizabeth Police Dep't*, 344 F. Supp. 2d 992, 997 (W.D. Ky. 2004). Accordingly, Plaintiff's claim under Section 26A of the Kentucky Constitution must be dismissed for failure to state a claim upon which relief may be granted.

### 2. *Valentine*

To state a claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Because § 1983 liability cannot be imposed under a theory of respondeat superior, proof of personal involvement is required for a supervisor to incur personal liability." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 n.3 (6th Cir. 2005). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. The acts of

6

one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, "a supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor 'either encouraged the specific incident of misconduct or in some other way directly participated in it.'" *Id.* (*quoting Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)).

Plaintiff's allegations against Valentine state no personal involvement in any of the alleged events. His allegations against her are based on her failure to act or failure to train other employees. Therefore, Plaintiff's constitutional claims against Valentine must be dismissed for failure to state a claim upon which relief may be granted.

### 3. Haywood and Onakomaya

Plaintiff's allegations against Haywood and Onakomaya are scant, but it appears that he is suing them based on their actions related to a van accident. However, "'injuries suffered during an automobile accident do not amount to [constitutional] violations merely" because the driver of the vehicle was a law enforcement officer." *Burgess v. Nelson*, No. 5:22-CV-P87-JHM, 2023 U.S. Dist. LEXIS 87256, at *4 (W.D. Ky. May 18, 2023) (quoting *Webber v. Mefford*, 43 F.3d 1340, 1343 (10th Cir. 1994)). To state a claim under the Eighth Amendment, an inmate must allege that prison officials acted with "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Mere negligence does not rise to the level of a constitutional violation. *See, e.g.*, *Daily v. CCA-WCFA Whiteville Transp. Officers*, No. 3:18-CV-0146, 2018 U.S. Dist. LEXIS 55825, at *11 (M.D. Tenn. Apr. 2, 2018) (dismissing claims finding that an inmate's "allegations suggest, at most, that [the defendant] was negligent" when driving vehicle causing injury to the inmate). Plaintiff gives no indication that the van accident was caused by deliberate

7

indifference on the part of Haywood or Onakomaya, rather than mere negligence. Therefore, Plaintiff's claims against Defendants Haywood and Onakomaya must be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Haywood and Onakomaya under the Fourteenth Amendment and Section 26A of the Kentucky Constitution fail for the same reasons the claims were dismissed against Lyons stated above.

### D. Release

Plaintiff cannot seek release as relief in a § 1983 action. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff cannot seek release in this § 1983 action, his claim for injunctive relief must be dismissed for failure to state a claim.

### IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Plaintiff's claims against KSR and Wellpath, his official-capacity claims, his individual-capacity claims against Valentine, Haywood, and Onakomaya, and his claim seeking release are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), (2) for failure to state a claim upon which relief may be granted and/or for seeking damages from a defendant who is immune from such relief.

The **Clerk of Court is DIRECTED** to terminate KSR, Wellpath, Valentine, Haywood, and Onakomaya as no claims remain against them.

9

The Court will enter a separate Service and Scheduling Order to govern the claim that has been permitted to proceed.

Date:    July 21, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Defendant Lyons
4414.010

9